IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KECIA HALLENBACK; and
CAROL LAFITTE,

      Plaintiffs,

v.                                      C.A. No.: 3:16-cv-606

MY ROYAL PALACE, LLC;
ELITE NURSING HOME HEALTH CARE, LLC; and,
WILLIE E. WALLS, III,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, KECIA HALLENBACK, and CAROL LAFITTE (hereinafter

sometimes referred to as "Plaintiffs"), by and through their undersigned counsel,

hereby sue Defendants, MY ROYAL PALACE, LLC, ELITE NURSING HOME

HEALTH CARE, LLC, and WILLIE E. WALLS, III (hereinafter sometimes

referred to collectively as "Defendants"), and in support thereof state as follows:

## INTRODUCTION

1.     This is an action by Plaintiffs against their employers for unpaid wages

pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

Plaintiffs seek damages for unpaid overtime wages, liquidated damages, and a

reasonable attorney's fee and costs.

1

## JURISDICTION

2.      This Court enjoys federal question jurisdiction under 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants have offices located in Dallas County, Texas.

## THE PARTIES

4.      Plaintiff, KECIA HALLENBECK, is an individual residing in Grand Prairie, Texas.

5.      Plaintiff, CAROL LAFITTE, is an individual residing in Grand Prairie, Texas.

6.      Plaintiff, KECIA HALLENBECK, was at all times material employed by Defendants from sometime in 2010 until October 26, 2015, as a nurse.

7.      Plaintiff, CAROL LAFITTE, was at all times material employed by Defendants from sometime in 2012 until October 26, 2015, as a nurse.

8.      Defendants, MY ROYAL PALACE, LLC, ELITE NURSING HOME HEALTH CARE, LLC, are corporations formed and existing under the laws of the State of Texas and maintain offices in Grand Prairie, Texas.

2

9.      Defendants, MY ROYAL PALACE, LLC, ELITE NURSING HOME HEALTH CARE, LLC, have the same management and offices.   While they are incorporated separately, their business activities mirror one another; therefore, they are joint employers.

10.     Defendants, MY ROYAL PALACE, LLC, ELITE NURSING HOME HEALTH CARE, LLC, operate a business that provides home health care services and is an employer as defined by 29 U.S.C. § 203(d).

11.     Defendants, MY ROYAL PALACE, LLC, ELITE NURSING HOME HEALTH CARE, LLC, have employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

12.     Defendant, WILLIE E. WALLS, III, is believed to be a resident of Grand Prairie, Texas, and at all times material hereto acted directly or indirectly in the interest of Defendants, MY ROYAL PALACE, LLC, ELITE NURSING HOME HEALTH CARE, LLC, in relation to Plaintiffs' employment and was substantially in control of the terms and conditions of the Plaintiffs' work.

13.     Defendant, WILLIE E. WALLS, III, was the Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and had the power to hire and fire employees, including the Plaintiff; supervised and controlled employee work scheduled and

3

conditions of employment for the employees, including the Plaintiff; and, determined the rate and method of payment for employees, including the Plaintiff.

14.    At all times material to this complaint, Defendants, MY ROYAL PALACE, LLC, ELITE NURSING HOME HEALTH CARE, LLC, employed two or more employees.

15.    At all times material to this complaint, Defendants, MY ROYAL PALACE, LLC, ELITE NURSING HOME HEALTH CARE, LLC, had an annual dollar volume of sales or business done of at least $500,000.00.

16.    At all times material to this complaint, Defendants, MY ROYAL PALACE, LLC, ELITE NURSING HOME HEALTH CARE, LLC, were enterprises engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

17.    At all times material to this Complaint, the Defendants were the employer of the Plaintiffs and, as a matter of economic reality, Plaintiffs were dependent upon Defendants for their employment.

18.    Throughout the employment of Plaintiffs, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate

of pay for each hour worked in excess of 40 in a workweek.

19.     Throughout their employment with the Defendants, Plaintiffs worked in excess of forty hours per workweek, yet were not compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which they were employed.

20.     Specifically, whenever the Plaintiffs exceeded 40 hours, Defendants paid the Plaintiffs by separate check in order to avoid the overtime requirements of the FLSA.

21.     Plaintiffs' schedule varied, but they each worked between 60 and 80 hours a week during their employment with Defendants.

22.     Plaintiffs are not exempt from the overtime provisions of the FLSA.

23.     Defendants are not exempt from the overtime provisions of the FLSA.

24.     Defendants willfully deprived Plaintiffs of the overtime wages they were due under the FLSA.

25.     Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as an employer under the FLSA.

26.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the

amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

27.    The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

28.    As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

29.    Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

30.    Plaintiffs have retained the law firm of Ross Law, P.C., to represent them in this action and has agreed to pay said firm a reasonable attorney's fee for its services.   Plaintiffs have entered into a valid contract with Ross Law, P.C., and have appointed the undersigned counsel to be their sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiffs' obligations to their attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel.   Plaintiffs'

contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiffs are entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, KECIA HALLENBECK, and CAROL LAFITTE, demand Judgment against Defendants, MY ROYAL PALACE, LLC, ELITE NURSING HOME HEALTH CARE, LLC, and WILLIE E. WALLS, III, jointly and severally, for the following:

a.  Unpaid overtime wages found to be due and owing;

b.  An additional amount equal to the amount of unpaid overtime wages found to be due and owing as liquidated damages;

c.  Prejudgment interest in the event liquidated damages are not awarded;

d.  Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.  Any such other relief as the Court may find proper, whether at law or in equity.

## <u>JURY TRIAL DEMAND</u>

Plaintiffs, ALBATINA HALLENBECK, KECIA HALLENBECK, and CAROL LAFITTE, demand a jury trial on all issues so triable.

Respectfully submitted, March 3, 2016.

**ROSS LAW GROUP**

**CHARLES L. SCALISE**
Texas Bar No. 24064621
*Attorney-in-Charge*
**DANIEL B. ROSS**
Texas Bar No. 00789810


MAILING ADDRESS:
**1104 San Antonio Street**
**Austin, Texas 78701**
Telephone: (512) 474-7677
Facsimile: (512) 474-5306
Email: Charles@RossLawGroup.com


Steven R. Samples
Texas Bar No. 24086348
Samples Ames PLLC
1512 Crescent Drive, Suite 119
Carrollton, Texas 75006
Phone: (214) 308-6505
Fax: (855) 605-1505
**ATTORNEYS FOR PLAINTIFF**